Den *v.* Ayres.

---

JOHN DEN on the demise of Newton B. Thomas and Levi Thomas v. ESTHER D. AYRES.

A decree of the Orphans Court on a question of probate of a will is not evidence against the validity of the instrument as a will of real estate in an action of ejectment.

A remote and contingent interest is not sufficient to disqualify and exclude a witness.

On a question of capacity to make a will, where the matter has been submitted in an unobjectionable manner to a jury, and the judge, before whom the trial took place, expresses no dissatisfaction with the verdict, this court will seldom interfere.

---

On the return of the postea in this case, *Eakin* for the defendant moved for a rule to shew cause why a new trial should not be granted.

The Chief Justice, before whom the cause was tried, reported that the lessors of the plaintiff claimed as devisees of Lydia Ayres, deceased. They produced an instrument purporting to be her will, and proved its due execution by the subscribing

Den *v.* Ayres.

witnesses, two of whom declared her to be of sound and disposing mind and memory, and of the third, the testimony was equivocal, having at different times entertained and expressed different opinions. After these proofs, the counsel of the defendant objected to the admission of the instrument and offered to produce an exemplification of a decree of the Orphans Court of the county of Salem, upon a caveat, refusing to admit the instrument to probate as the last will and testament of Lydia Ayres. The Chief Justice overruled the proposed proof of the decree and permitted the paper alleged to be the will, to be submitted to the jury.

In the progress of the trial, William Bevan was admitted and examined as a witness. On the *voire dire*, he stated that he was the guardian of one of the lessors, appointed by the Orphans Court, but was not guardian *ad litem* in this cause; the other of the lessors was of full age; and upon a cross examination after a second examination in chief, he said he had done what was proper for him as guardian, towards having this action of ejectment brought; that as guardian he had employed counsel, had talked with the counsel respecting the cause, and had consulted with the other young man who was of age; that he had got some of the subpœnas served; that in case of the recovery of the property, he expected to take the management of it for the one who was under age; and that if the property should yield any profits he expected he should receive them as guardian and have a proper compensation for his services.

The Chief Justice farther reported that the cause turned on the capacity of the testatrix to make a will, on which divers witnesses were examined, and there was a contrariety of evidence. The jury had found the testatrix of competent mind and had supported the will; and that he could not express any dissatisfaction with the verdict.

*Eakin* for the defendant insisted,

1. The decree of the Orphans Court should have been admitted. It was a judgment of a court of competent jurisdiction, on the same subject matter, and conclusive, and a bar to a recovery in this action. He referred to some cases to show the nature and effect of such a judgment, and that a decree of a court

Den *v.* Ayres.

of probate, in Connecticut, Rhode Island and Massachusetts, was held conclusive on the real estate.

2. The witness, William Bevan, was interested and incompetent and should have been rejected.

3. The verdict was against the weight of evidence.

FORD, J. The decree of the Orphans Court was incompetent evidence and was properly overruled. The jurisdiction of that court upon a caveat extends to the will as a will of personal estate, not of real estate. The existence and validity of the instrument as a will of real estate, are open for trial in an action of ejectment, notwithstanding any decree of the Orphans Court either for or against it. This doctrine has been long settled here, and our practice has been uniform and consistent. On Sharp Brown's will, the verdict and judgment in ejectment, tried at the bar of this court, were against the will, on the question of capacity, although it had been proved before the surrogate and letters testamentary issued. On Benjamin Van Cleve's will, an ejectment was sustained, although the will had never been offered for probate before the surrogate or the Orphans Court. In the case of *Harrison* v. *Rowan*, the will of John Sinnickson was sustained on trial in the Circuit Court of the United States for this district, although a decree against the will had been made in the Orphans Court and afterwards affirmed in the Prerogative Court. The same question now raised, was decided by Judge Washington and Judge Pennington. Proof of the decree when offered was rejected; 3 *Wash. Cir. Co. Rep.* 580. The general doctrine laid down by the defendant's counsel that a judgment of a court of competent jurisdiction upon the same subject matter is conclusive, is correct, but inapplicable. The subject matter is not the same; the one is a will of personal estate, the other a will of real estate ; and over the former, not over the latter, the Orphans Court has jurisdiction. If applicable here, the result would necessarily be that the decision of the Orphans Court would be conclusive, and the existence and validity of the will could not afterwards be tried in ejectment; a consequence to which we cannot, and ought not to yield. The rule in some of the other states, to which we have been referred, depends on their statutes, and furnishes no guide here.

Den *v.* Ayres.

The witness was not directly interested in the event of the suit, whereby he was neither to gain nor to lose. If any interest existed, it was of so remote and contingent a nature as to raise no obstacle to his competency.

The question of capacity is peculiarly proper for a jury. No sufficient case is made out to induce us to entertain the present motion. Where this question has been submitted in an unexceptionable manner to the jury, and the judge expresses no dissatisfaction with their verdict, this court will seldom interfere.

DRAKE, J. expressed himself to the same effect.

EWING, C. J. concurred.

Rule to show cause refused.